IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ANA M. R.,

               Plaintiff,

     v.                          Civil Action No.
                                   6:21-CV-1273 (LEK/DEP)

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

               Defendant.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF

PIERRE PIERRE LAW, P.C.     EDDY PIERRE PIERRE, ESQ.
211 East 43rd Street, Suite 608
New York, NY 10017

FOR DEFENDANT

SOCIAL SECURITY ADMIN.     JASON P. PECK, ESQ.
Office of General Counsel
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff has commenced this proceeding, pursuant to 42 U.S.C. §§ 405(g)

and 1383(c)(3), to challenge a determination of the Commissioner of Social

Security ("Commissioner") finding that she was not disabled at the relevant times and, accordingly, is ineligible for the disability insurance ("DIB") and supplemental security income ("SSI") benefits for which she has applied. The matter has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. For the reasons set forth below, I recommend a finding that the Commissioner's determination is not amenable to meaningful judicial review, and therefore should be vacated.

I.    BACKGROUND

Plaintiff was born in June of 1960, and is currently sixty-two years of age. She was fifty-seven years old on March 15, 2018, the date on which she alleges that her disability began and on which she filed her application for benefits. Plaintiff stands five feet and four inches in height, and weighed approximately one hundred and eighty-three pounds at the relevant times. Plaintiff lives in Utica, New York. At the time of the first hearing in this matter, held on December 16, 2019, both of her adult sons were living with her. Only one son remained in the residence at the time of the second hearing, conducted a little over thirteen months later.

Plaintiff has obtained her GED. She worked most recently as a part-time Spanish interpreter for county proceedings, and before that was employed as a

bus monitor and a security guard at various times.

Plaintiff alleges that she suffers from a variety of physical impairments, including chronic obstructive pulmonary disease ("COPD"), deep vein thrombosis ("DVT"), lumbar disc degeneration, joint dysfunction and arthritis, and fibromyalgia. As is relevant to her application for benefits, plaintiff has treated for these impairments primarily with pulmonologist Dr. Ghassan Koussa, primary care provider nurse practitioner ("NP") Thet Thet Mar, and sources at Slocum Dickson Medical Group and St. Elizabeth Medical Center.

Plaintiff testified that she experiences severe pain that makes it difficult for her to function. The pain is primarily located in her hips and lower back, but also occurs in her arms and shoulders. She has been using the cane that was prescribed by her care provider in April 2020 to help her ambulate and to prevent falls because of her weak bones. Plaintiff can drive, but her legs swell if she does so for too long. She reported at the first administrative hearing in 2019 that she was unable to do any household chores, but later stated at the second hearing in 2021 that she can do her own laundry and cooking. Plaintiff testified that she spends most of her day sitting. Before the COVID-19 pandemic, she was working no more than twenty hours every two weeks as a Spanish interpreter, but has not been working because everything is shut down.

II.  <u>PROCEDURAL HISTORY</u>

A.    Proceedings Before the Agency

Plaintiff applied for DIB and SSI payments under Titles II and XVI of the Social Security Act, respectively, on March 15, 2018.[1]  In support of her application, she claimed to be disabled due to COPD, DVT, arthritis and joint dysfunction, lumbar spine disc degeneration, high blood pressure, and osteoporosis.

A hearing was conducted on December 16, 2019, by Administrative Law Judge ("ALJ") John Lischak, to address plaintiff's application.  ALJ Lischak scheduled a follow-up hearing to obtain additional evidence.  That hearing was postponed as a result of the COVID-19 pandemic, however, and ALJ Lischak retired before the follow-up hearing could be held.  The case was subsequently reassigned to ALJ Robyn L. Hoffman, who held a hearing on February 3, 2021. Following that hearing, ALJ Hoffman issued an unfavorable decision on April 5, 2021.  That opinion became a final determination of the agency on October 6, 2021, when the Social Security Appeals Council ("Appeals Council") denied plaintiff's request for review of the ALJ's decision.

B.    The ALJ's Decision

In her decision, ALJ Hoffman applied the familiar, five-step sequential test for determining disability.  At step one, she found that plaintiff worked after the

---

[1]    Plaintiff is insured for benefits under Title II through June 30, 2024.

4

alleged onset date of disability, but did not have sufficient countable earnings for that work to qualify as substantial gainful activity.  The ALJ next found at step two that plaintiff suffers from medically determinable impairments that impose more than minimal limitations on her ability to perform basic work functions, including lumbar spine degenerative disc disease, general osteoarthritis, DVT, and COPD.  The ALJ also found, as part of her step two finding, that plaintiff's documented additional impairments of obesity and asymptomatic human immunodeficiency virus ("HIV") are nonsevere impairments.

At step three, ALJ Hoffman examined the governing regulations of the Commissioner setting forth presumptively disabling conditions (the "Listings"), *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, and concluded that plaintiff's conditions do not meet or medically equal any of the listed conditions, specifically considering Listings 1.02, 1.04, 3.02, and 4.11.

ALJ Hoffman next surveyed the available record evidence and concluded that plaintiff retains the residual functional capacity ("RFC") to perform work at the light exertional level, but with the following additional limitations:

> the claimant can occasionally lift and carry twenty (20) pounds; frequently lift and carry ten (10) pounds; sit for up to six (6) hours; and stand or walk for six (6) hours, all in an eight-hour workday with normal breaks. She can occasionally climb ramps or stairs; and occasionally climb ladders, ropes or scaffolds. The claimant can perform

occasional balancing on uneven terrain, but is not limited in the ability to maintain balance on even terrain. She can perform occasional stooping, kneeling, crouching, and crawling. And she should avoid exposure to excessive amounts of respiratory irritants such as dust, odors, fumes, and gases and extreme hot and cold temperatures.

ALJ Hoffman went on to step four and found that plaintiff is able to perform her past relevant work as a school bus monitor, Dictionary of Occupational Titles ("DOT") 372.667-042, and a security guard, DOT 372.667-034, as those jobs are generally performed in the national economy. Based upon these findings, ALJ Hoffman concluded that plaintiff was not disabled during the relevant time period.

C.    This Action

Plaintiff commenced this action on November 29, 2021.[2] In support of her challenge to the ALJ's determination, plaintiff argues that (1) the ALJ committed legal error by failing to properly assess whether fibromyalgia was a medically determinable impairment under Social Security Ruling ("SSR") 12-2p; (2) the RFC finding is not supported by substantial evidence in that the ALJ (a) improperly rejected NP Mar's opinion regarding the need for plaintiff to elevate

---

[2]    This action is timely, and the Commissioner does not argue otherwise. It has been treated in accordance with the procedures set forth in the recently enacted Supplemental Social Security Rules and General Order No. 18. Under those provisions, the court treats the action procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

her legs, (b) improperly rejected the reaching limitations opined by consultative examiner Dr. Elke Lorensen, (c) improperly rejected the medical source statement from treating pulmonologist Dr. Koussa, (d) failed to find that plaintiff required the use of a cane, and (e) failed to rely on any medical opinion when formulating the RFC; and (3) the ALJ failed to properly assess her subjective symptom testimony. Dkt. No. 12.

Oral argument was conducted in this matter, by telephone, on December 7, 2022, at which time decision was reserved.

III.  DISCUSSION

A.  Scope of Review

A court's review under 42 U.S.C. § 405(g) and 1383(c)(3) of a final decision by the Commissioner is subject to a "very deferential" standard of review, and is limited to analyzing whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Where there is reasonable doubt as to whether an ALJ has applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Johnson v.*

7

*Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  If, however, the correct legal standards have been applied, and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision will withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact.  *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 390, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *accord, Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003).  To be substantial, there must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson*, 402 U.S. at 401 (internal quotation marks omitted); *Williams*, 859 F.3d at 258.  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis on the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *Mongeur v. Hechler*, 722 F.2d 1033, 1038 (2d Cir. 1983)).

B.    <u>Disability Determination: The Five-Step Evaluation Process</u>

The Social Security Act ("Act") defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The agency has prescribed a five-step evaluative process to be employed in determining whether an individual is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The first step requires a determination of whether the claimant is engaged in substantial gainful activity ("SGA"); if so, then the claimant is not disabled, and the inquiry need proceed no further.  *Id.* §§ 404.1520(b), 416.920(b).  If the claimant has not worked at a level constituting SGA, then the second step involves an examination of whether the claimant has a severe

impairment or combination of impairments that significantly restricts his or her physical or mental ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from such an impairment, the agency must next determine whether it meets or equals an impairment listed in Appendix 1 of the regulations. *Id.* §§ 404.1520(d), 416.920(d); *see also id.* Part 404, Subpt. P, App. 1. If so, then the claimant is "presumptively disabled." *Martone v. Apfel*, 70 F. Supp. 2d 145, 149 (N.D.N.Y. 1999) (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires an assessment of whether the claimant's RFC precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If it is determined that it does, then as a final matter, at step five the agency must examine whether the claimant can do any other work. *Id.* §§ 404.1520(g), 416.920(g).

The burden of showing that the claimant cannot perform past work lies with the claimant. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Ferraris*, 728 F.2d at 584. Once that burden has been satisfied, however, it becomes incumbent on the agency to prove that the claimant is capable of performing other available work. *Perez*, 77 F.3d at 46. In deciding whether that burden

10

has been met, the ALJ should consider the claimant's RFC, age, education, past work experience, and transferability of skills. *Ferraris*, 728 F.2d at 585; *Martone*, 70 F. Supp. 2d at 150.

C.    Analysis

Plaintiff first argues that the ALJ erred by failing to analyze whether her reported fibromyalgia is a medically determinable impairment as required by SSR 12-2p.  Dkt. No. 12, at 12-15.  SSR 12-2p requires that, in assessing whether a plaintiff has a medically determinable impairment of fibromyalgia at step two of the sequential evaluation process, an ALJ must consider whether the record shows that plaintiff meets certain specified criteria.[3]  SSR 12-2p.  In her step two finding, however, the ALJ failed to mention fibromyalgia or assess whether the criteria of SSR 12-2p are met in this case.  Administrative

---

[3]    SSR 12-2p prescribes two alternative criteria for determining whether a claimant's fibromyalgia qualifies as a medically determinable impairment. The first set, called the 1990 ACR Criteria for the Classification of Fibromyalgia, indicates that a medically determinable impairment of fibromyalgia might be found if the claimant (1) has a history of widespread pain in all quadrants of the body, (2) has at least eleven tender points found bilaterally and both above and below the waist, and (3) there is evidence that other disorders that could cause the symptoms and signs were excluded.  SSR 12-2p(II)(A).  The second set, called the 2010 ACR Preliminary Diagnostic Criteria, indicates that fibromyalgia may be considered a medically determinable impairment if the claimant (1) has a history of widespread pain, (2) has repeated manifestations of six or more fibromyalgia symptoms, signs, and co-occurring conditions, and (3) there is evidence that other disorders that could cause the repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.  SSR 12-2p(II)(B).

Transcript ("AT") at 13-16.[4]  The ALJ also did not mention fibromyalgia when

assessing whether any of plaintiff's impairments meet or equal a listing.  AT 16-

17.  In her discussion of the RFC finding, the ALJ did acknowledge generally

that the evidence showed that plaintiff has been prescribed gabapentin and

reported that it helps with her pain, and that an examination note from July 2019

indicated that plaintiff had a history of fibromyalgia.  AT 21 (citing Exhibit 19F/1),

23 (citing Exhibits 20F/9, 24F/2).  This single mention of a "history of

fibromyalgia" and indications that plaintiff experiences some pain relief with

gabapentin appears to represent the totality of the ALJ's consideration of

fibromyalgia.

An ALJ's failure to explain how he or she considered whether the claimant

meets the criteria for establishing fibromyalgia as a medically determinable

impairment has been consistently found by this court to constitute a legal error

worthy of remand.  *See Angelina R. v. Saul*, 18-CV-0471, 2019 WL 3067515, at

*4-5 (N.D.N.Y. July 12, 2019) (Stewart, M.J.) (finding error in failing to assess

whether plaintiff's reported fibromyalgia met the second set of criteria merited

remand and was not harmless); *Durodoye v. Comm'r of Soc. Sec.*, 16-CV-1457,

2018 WL 1444212, at*6 (N.D.N.Y. Mar. 20, 2018) (Hummel, M.J.) (finding error

---

[4]     The administrative transcript is found at Dkt. No. 9, and will be referred to throughout this decision as "AT__."

in the fact that the ALJ considered only one of the sets of criteria when assessing whether fibromyalgia was a medically determinable impairment and therefore did not appear to conduct a proper assessment under SSR 12-2p); *Wood-Callipari v. Comm'r of Soc. Sec.*, 15-CV-0743, 2016 WL 3629132, at *3-4 (N.D.N.Y. June 29, 2016) (Mordue, J.) (finding remand warranted where there was no indication the ALJ applied the criteria of SSR 12-2p when concluding that the plaintiff's fibromyalgia was not a medically determinable impairment).

It is true that plaintiff did not specifically list fibromyalgia as one of her allegedly disabling impairments when she filed her applications for benefits. However, that is not to say that plaintiff never alleged that her fibromyalgia contributed to her disability.  At the first administrative hearing in 2019, before ALJ Lischak, plaintiff's representative highlighted that she has "a long-term fibromyalgia diagnosis," and plaintiff testified that she has pain in her back, hips, and shoulders as well as that she takes gabapentin specifically for her fibromyalgia pain "because it gets pain every little things in my body at the same time."  AT 58, 62, 67.  During the second hearing in 2021, conducted by ALJ Hoffman, plaintiff again testified that she has fibromyalgia which causes significant pain and for which she takes prescribed gabapentin.  AT 112-13, 115.  The record is also replete with many other mentions of fibromyalgia. Plaintiff has therefore sufficiently alleged that fibromyalgia causes or contributes

to her disability in a manner that should have provided the ALJ with notice that such condition would need to be considered as part of her disability assessment.  Despite these allegations, however, the ALJ completely failed to provide any indication that she considered whether plaintiff's fibromyalgia is a medically determinable impairment under the criteria required by SSR 12-2p. This omission is clear legal error.

The Commissioner argues that any error in failing to conduct an explicit assessment of fibromyalgia under SSR12-2p is harmless because the record does not indicate that plaintiff meets the relevant criteria.  I cannot agree.  The ALJ undeniably engaged in an extremely comprehensive recitation of much of the medical and other evidence in her decision.  That recitation, however, omits the many instances where plaintiff's fibromyalgia or related symptoms were noted in plaintiff's treatment records.  Specifically, although the ALJ discussed evidence from plaintiff's hematologist's office, she completely omitted any mention of the consistent notations in those treatment notes that plaintiff reported – and was observed to have – arthralgias and myalgias all over her body.  *See e.g.,* AT 1331-32, 1360-64, 1380-81, 1527-28, 1982-83, 1913, 2023, 2060, 2267.  Those same notes and others also specifically discussed plaintiff's fibromyalgia.  *See e.g.*, AT 1019, 1146, 1364, 1427, 1984, 2025, 2062. Although an ALJ need not discuss or cite every piece of evidence in order to

show that it was considered, the conspicuous absence of the very evidence that is most relevant to plaintiff's reports of fibromyalgia occludes the ability to review whether the ALJ appropriately considered the effects of that impairment.

Moreover, although there may be some question as to whether the evidence in the record could establish either of the sets of criteria under SSR 12-2p to show a medically determinable impairment of fibromyalgia, that question must be addressed in the first instance by the ALJ and not this court. This is notably not a case in which the plaintiff merely disagrees with the way the ALJ assessed or weighed the evidence in the record, but rather one in which the ALJ has failed to provide written rationale sufficient to allow this court to meaningfully review her findings.  *See Durodoye*, 2018 WL 1444212, at *7 ("The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of her findings.").  Given the sheer volume of the treatment records in this case, and the fact that my review revealed fairly consistent notations of fibromyalgia, arthralgias, myalgias, some tender points, and various other potentially relevant symptoms, I find that the ALJ's complete failure to indicate how she considered fibromyalgia, if at all, renders her decision immune from meaningful review on this issue.

I note also, in finding that plaintiff's subjective reports were not wholly consistent with the evidence, the ALJ appears to have relied heavily on the fact

that the record evidence did not document significant objective findings to substantiate her pain.  AT 18.  However, as the cases cited previously generally note, fibromyalgia is a condition that is not often amenable to objective verification, and therefore to rely on objective findings in a case involving fibromyalgia can indicate a failure to properly and fully consider the effects of such a diagnosis.  The ALJ's seeming reliance on the objective findings further emphasizes why the failure to assess fibromyalgia is not merely harmless error in this instance.

Because I find that remand is warranted for the ALJ to conduct a proper assessment of plaintiff's fibromyalgia pursuant to SSR 12-2p, a lengthy consideration of plaintiff's other various arguments is unnecessary at this stage, as the findings underlying those arguments may be subject to change on remand depending on how the ALJ assesses plaintiff's fibromyalgia.  I note briefly, however, that there appears to be little merit to those other arguments. In particular, I find the ALJ's findings related to leg elevation, reaching, and use of a cane all to be supported by substantial evidence and not undermined by contradictory evidence as plaintiff asserts.  Further, I see no error in the ALJ's assessment of the opinion evidence or the subjective symptom reports, except as discussed above related to the non-objective nature of fibromyalgia.

Lastly, plaintiff has requested that this matter be remanded with a directed

finding of disability, solely for the purposes of calculating benefits. "Sentence

four of Section 405(g) provides district courts with the authority to affirm,

reverse, or modify a decision of the Commissioner 'with or without remanding

the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002)

(quoting 42 U.S.C. § 405[g]). The Second Circuit has indicated that, where

there are gaps in the administrative record or the ALJ has applied an improper

legal standard, remand for further development of the evidence is warranted.

*Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (internal citations omitted).

Thus, remand for further administrative proceedings is the overwhelmingly

preferred course where the administrative record contains gaps and further

findings would "plainly help to assure the proper disposition" of the claim. *Glass*

*v. Colvin*, 12-CV-1332, 2014 WL 5361471, at *6 (N.D.N.Y. Oct. 21, 2014)

(Young, J.) (citing *Butts*, 388 F.3d at 385); *see also Harry L. v. Comm'r of Soc.*

*Sec.*, 18-CV-0282, 2019 WL 3937224, at *5 (N.D.N.Y. Aug. 5, 2019) (Baxter,

M.J.) (noting that "[r]eversal for calculation of benefits is appropriate only if the

record contains persuasive proof of disability, and a remand for evidentiary

proceedings would serve no useful purpose") (citing *Rosa*, 168 F.3d at 82-83).

Because remand is based specifically on the need for the ALJ to conduct

an analysis under SSR 12-2p in the first instance and there is not persuasive

evidence of disability on the record before me, I find that a remand with a

directed finding of disability would not be appropriate in this case. Rather, I recommend that remand should be for the purpose of allowing the ALJ to conduct further administrative proceedings.

IV.   SUMMARY AND RECOMMENDATION

After considering the record as a whole and the issues raised by the plaintiff in support of her challenge to the Commissioner's determination, I recommend a finding that the determination does not permit meaningful review as to whether it is the product of the application of proper legal principles and is supported by substantial evidence. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) be GRANTED, defendant's motion for judgment on the pleadings (Dkt. No. 16) be DENIED, the Commissioner's decision be VACATED, and this matter be remanded for further proceedings consistent with this decision and order, without a directed finding of disability, pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and*

*Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72.

Dated:      December 13, 2022
            Syracuse, NY

_____
DAVID E. PEEBLES
U.S. Magistrate Judge