UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANA M. ROSAS,

                        Plaintiff,

     -against-                                       6:21-CV-1273 (ANM/DEP)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,

                        Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

**PIERRE PIERRE LAW, P.C.**               **EDDY PIERRE PIERRE, ESQ.**
211 East 43rd St, Suite 608
New York, New York 10017
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTARTION**    **JASON P. PECK, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

    On November 29, 2021, Plaintiff Ana M. Rosas commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance ("DIB") and supplemental security income ("SSI") benefits ("Complaint").  Dkt. No. 1.

Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 3, 6. This matter was referred to United States Magistrate Judge David E. Peebles, who, on December 13, 2022, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, and vacate and remand the Commissioner's decision for further proceedings, without a directed finding of disability, pursuant to sentence four of 42 U.S.C. § 405(g) ("Report-Recommendation"). Dkt. No. 19. Magistrate Judge Peebles advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 18. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.   STANDARD OF REVIEW**

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Peebles concluded that the Commissioner's failure to analyze whether the Plaintiff's reported fibromyalgia was a medically determinable impairment as required by Social Security Ruling ("SSR") 12-2p constituted legal error that warranted remand.[1] *Id.* at 16. The Court agrees with Magistrate Judge Peebles' conclusion. *See, e.g., Wood-Callipari v. Comm'r of Soc. Sec.*, 15-CV-0743, 2016 WL 3629132, at *3-4 (N.D.N.Y. June 29, 2016) (finding remand warranted where there was no indication the ALJ applied the criteria of SSR 12-2p when concluding that the plaintiff's fibromyalgia was not a medically determinable impairment).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 19, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, is **DENIED**; and the Court further

---

[1] SSR 12–2p sets forth and accepts the diagnostic criteria propounded by the American College of Rheumatology.

**ORDERS** that the Commissioner's final decision denying disability benefits is **VACATED**; and the Court further

**ORDERS** that this matter is **REMANDED** for further proceedings consistent with the Report-Recommendation, Dkt. No. 19, without a directed finding of disability, pursuant to sentence four of 42 U.S.C. § 405(g); and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  February_7_, 2023
        Albany, New York

Anne M. Nardacci
U.S. District Judge